Filed 8/8/14  P. v. Le CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HUY HOANG LE,<br><br>    Defendant and Appellant. | H040151<br>(Santa Clara County<br>Super. Ct. No. CC802025) |

## I.  INTRODUCTION

Defendant Huy Hoang Le pleaded guilty to murder and admitted that he personally used a handgun.  (Pen. Code, §§ 187, 12022.5, subd. (a).)[1]  The trial court sentenced him to 18 years to life in prison.

On appeal, defendant contends that the clerk's minutes of the sentencing hearing and the abstract of judgment erroneously reflect that the trial court imposed a restitution fine and a parole revocation restitution fine of $3,600 each.  According to defendant, the court "deferred" imposition of the restitution fines at the sentencing hearing and, because no such fines were ultimately ordered by the court at a subsequently-held hearing, the matter must be remanded for the trial court to exercise its discretion as to the amount of the restitution fines or, alternatively, this court should impose the statutory minimum amounts.  Defendant also contends that, to the extent the trial court imposed such

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

restitution fines, his trial counsel rendered ineffective assistance by failing to argue for lesser amounts.

For reasons that we will explain, we will reverse the judgment and remand the matter for the trial court to clarify whether and in what amount a restitution fine and a parole revocation restitution fine are imposed. We also determine that the court failed to impose the correct amount under section 1465.8, and we will order the amount increased accordingly.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about April 8, 2008, defendant and the victim argued and engaged in shoving after they had earlier exchanged words about a female.[2] As the victim walked toward defendant, defendant shot the victim in the head. Defendant was arrested in another country after attempting to flee to Vietnam.

### A. *Information and Plea*

On March 11, 2013, defendant was charged by first amended information with murder with the personal use of a handgun. (§§ 187, 12022.5, subd. (a).) Defendant pleaded guilty to murder and admitted the personal use enhancement with the understanding that he would receive 18 years to life. Prior to taking defendant's plea, the trial court advised defendant that he may be ordered to pay certain fines and fees, including a mandatory restitution fine of up to $10,000.

### B. *Sentencing*

On August 2, 2013, defendant was sentenced to 18 years to life. The issue of victim restitution was continued to a future date. The trial court imposed a restitution fine in the amount of $3,600 under the formula set forth in section 1202.4, former subdivision (b)(2), and imposed but suspended an equal amount pursuant to

---

[2] As defendant was convicted by plea, the facts underlying defendant's offense are taken from the probation report.

2

section 1202.45. Upon the imposition of these amounts, the following exchange took place between defense counsel and the court:

"[DEFENSE COUNSEL]: Your Honor, is it possible to just stay all the issues of restitution because I think after the restitution hearing we will see the amount and I'm going to be asking the court to stay this.

"THE COURT: The restitution fine?

"[DEFENSE COUNSEL]: Yes.

"THE COURT: Yes, we can defer."

The court then asked the probation department for a "response" on the issue. The following exchange occurred between the probation department, defense counsel, and the court:

"[PROBATION DEPARTMENT]: The restitution fund fine is a mandatory fine. It's calculated on the amount of years and has nothing to do with victim restitution. You have discretion to go from zero to $10,000; otherwise, it's a mandatory fine.

"[DEFENSE COUNSEL]: I would ask the court to stay that issue until we get final restitution because I'll be asking the court for less than restitution.

"THE COURT: I see your point. If the restitution ends up being substantial, the restitution fine would be . . . overkill so to speak.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: Then the restitution fine and the additional fine is deferred until [the restitution hearing date]."

Later in the sentencing hearing, the trial court stated: "The amount of the restitution to the victim's family and the restitution fine which is currently scheduled at $3600 are deferred to [the restitution hearing date]." Near the end of the sentencing hearing, the court stated: "The matter's continued to [the restitution hearing date]. For the calculation of the exact amount of restitution to the victim's family and consideration for appropriate restitution fine . . . ."

The clerk's minutes of the sentencing hearing indicate that a restitution fine of $3,600 and a parole revocation restitution fine of $3,600 are "STAYED UNTIL" the restitution hearing date. The abstract of judgment similarly indicates that those amounts are "[s]tayed until" the restitution hearing date.

### C. *Restitution Hearing*

The restitution hearing was held on September 6, 2013. The trial court ordered defendant to pay the victim's family more than $20,500 for the victim's cemetery plot, headstone, and memorial service. The court also made a general order of restitution with respect to the hospital where the victim was admitted following the shooting. Neither the parties nor the court addressed the issue of the restitution fine or the parole revocation restitution fine.

## III. DISCUSSION

### A. *Restitution Fines*

On appeal, defendant contends that the clerk's minutes of the sentencing hearing and the abstract of judgment erroneously reflect that a restitution fine and a parole revocation restitution fine of $3,600 each were *imposed* by the trial court and *stayed until* the restitution hearing date. According to defendant, the court actually *deferred* imposition of the fines and that, because no such fines were ultimately ordered by the court, the matter must be remanded for the court to exercise its discretion as to the amount of the fines, or this court should impose the statutory minimum. Defendant further contends that, to the extent the trial court actually imposed two restitution fines, trial counsel rendered ineffective assistance by failing to raise the issue of reduced restitution fines at the restitution hearing.

The Attorney General concedes that the clerk's minutes and the abstract of judgment erroneously reflect the imposition of restitution fines when the trial court actually indicated that it would defer imposition of the fines until the restitution hearing. Because the fines were not addressed at the restitution hearing, the Attorney General

4

contends that remand is appropriate. The Attorney General further contends that it would be "inappropriate" for this court to impose only the minimum fines because, in view of the "severity" of defendant's crime, "it is unlikely the [trial] court would have imposed only the minimum fine, or imposed no fine at all."

Section 1202.4, subdivision (b) generally provides that a restitution fine must be imposed "[i]n every case where a person is convicted of a crime." (See also *id.*, § 1202.4, subd. (c); Stats. 2007, ch. 302, § 14.) "The restitution fine under section 1202.4 is mandatory unless the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' (§ 1202.4, subd. (b).) In cases in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory. (§ 1202.45.)" (*People v. Tillman* (2000) 22 Cal.4th 300, 302; see Stats. 2007, ch. 302, § 15; § 1202.45, subd. (a).)

In this case, the record reflects that at the August 2013 sentencing hearing, the trial court initially imposed a $3,600 restitution fine and a $3,600 parole revocation restitution fine. At defendant's request, however, the court stated that those fines were "deferred" until the restitution hearing, where victim restitution would be calculated and the "appropriate" amount of restitution fines would be given "consideration." At the subsequent September 2013 restitution hearing, neither the parties nor the court addressed the issue of restitution fines. Further, it is not clear from the record whether the court intended for defendant to pay the two $3,600 restitution fines in the absence of further argument on the issue at the restitution hearing. Given the ambiguity in the record, and in view of the parties' agreement that remand is appropriate, we will remand the matter so that the trial court may clarify whether and in what amount a restitution fine (§ 1202.4, former subd. (b); Stats. 2007, ch. 302, § 14) and a parole revocation restitution fine (former § 1202.45; Stats. 2007, ch. 302, § 15) are imposed.

Regarding the imposition of a restitution fine on remand, we observe that, at the time defendant committed his crime, former subdivision (b)(1) of section 1202.4

5

provided that the restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Stats. 2007, ch. 302, § 14; see *People v. Souza* (2012) 54 Cal.4th 90, 143 ["the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause"].) Further, former subdivision (b)(2) provided that "the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, former subd. (b)(2); Stats. 2007, ch. 302, § 14.) In addition, former subdivisions (c) and (d) stated: "(c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two hundred-dollar ($200) . . . minimum. . . . [¶] (d) In setting the amount of the fine pursuant to subdivision (b) in excess of the two hundred-dollar ($200) . . . minimum, the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors

6

bearing on the amount of the fine shall not be required." (§ 1202.4, former subds. (c) & (d); Stats. 2007, ch. 302, § 14.)

In view of our determination that the matter must be remanded on the issue of restitution fines, we do not reach defendant's claim of ineffective assistance of counsel.

### B.  *Court Security Fee*

In view of the remand of this matter, we also observe that defendant was ordered to pay an incorrect amount under section 1465.8.  Relevant here, defendant committed the murder in 2008 and was convicted in March 2013.  The probation department recommended that defendant pay a "Court Security Fee" of $30 pursuant to section 1465.8.  At the August 2, 2013 sentencing hearing, the trial court imposed the $30 "court security fee."

However, since October 19, 2010, which is after defendant committed the murder but before he was convicted, section 1465.8, subdivision (a) has provided that a court security fee (now known as the court operations assessment) "of forty dollars ($40) shall be imposed on every conviction for a criminal offense."  (See Stats. 2010, ch. 720, §§ 33, 40.)  The $40 court security fee applies to all convictions after the operative date of the statute.  (See *People v. Alford* (2007) 42 Cal.4th 749, 752, 754, 759 [holding that the court security fee is not a punitive fine subject to ex post facto restrictions, and that the trial court properly imposed the fee where former section 1465.8 took effect after the defendant committed his crime, but before he was convicted].)  We will order the amount imposed on defendant be increased to $40 pursuant to section 1465.8, subdivision (a).

## IV.  DISPOSITION

The judgment is reversed.  On remand the trial court is directed to clarify whether and in what amount a restitution fine (Pen. Code, § 1202.4, former subds. (b)-(d); Stats. 2007, ch. 302, § 14) and a parole revocation restitution fine (former Pen. Code, § 1202.45; Stats. 2007, ch. 302, § 15) are imposed.  The trial court is also directed to

7

increase to $40 the amount of the court security fee (Pen. Code, § 1465.8, subd. (a)) imposed on defendant.


_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
MÁRQUEZ, J.


_____
GROVER, J.

8